(IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE GARCIA GOMEZ (Case No. HAV201664 4053 01 BGT) PEDRO S. MORENO REBUSTILLO      Plaintiffs, <br><br> V. <br><br> ANTHONY BLINKEN, in his official capacity as U.S. Secretary of State <br><br> and <br><br> JOHN DOES #1-3 in their capacities as consular official responsible for issuing immigration visas in Cuba, Columbia and Guyana <br><br>      Defendants. | **Civil Action No.:     1:21-cv-1224** |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTION RELIEF**

Plaintiffs-Petitioners ("Plaintiffs"), bring this Petition for Writ of Mandamus

and Complaint for Declaratory and Injunctive Relief to compel Defendants-

Respondents ("Defendants") to respond to Plaintiffs' visa petition.

1

## NATURE OF ACTION

1. Plaintiff Pedro S. Moreno Rebustillo ("PSMR") is a United States citizen who filed an I-130 Petition on behalf of his wife who is a resident of Cuba. As set forth below, Plaintiff Katherine Garcia Gomez ("KGG") is still waiting for action on her petition and the delay is unexplained, the handling of her petition has been confusing, and both the handling and delays are unconscionable.

2. Defendants' failure to issue the approved visa and to even provide a decision deprives Plaintiff KGG of her rights under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 11001 *et seq.*, and its implementing regulations, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 706.

3. A court may grant mandamus relief if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. *Am. Hosp. Ass'n v. Burwell,* 812 F.3d 183, 189 (D.C. Cir. 2016); *see also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry,* 168 F. Supp. 3d 268 (D.D.C. 2016).

4. Plaintiffs clearly meet all three of these criteria. As set forth below Plaintiffs have fully complied with all of the statutory and regulatory requirements in the visa application process.

5. Plaintiffs are also entitled to relief under the APA, which authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5

U.S.C. § 706(1). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, on **failure to act**." (Emphasis added) 5 U.S.C. § 551(13). Defendants' failure to issue the visas constitutes agency action unreasonably delayed, entitling Plaintiffs to relief.

## THE PARTIES

6. Plaintiff PSMR, is a U.S. citizen who resides in Miami, Florida.

7. Plaintiff KGG, is the wife of PSMR, and resides in Cuba. They were married in Cuba on August 25, 2015.

8. Defendant Anthony Blinken is the U. S. Secretary of State and is the senior official of State. As such he has the responsibility for the actions of U.S. embassies and their personnel. He is sued in his official capacity. Having a business address at U.S Secretary of State Office, 2201 C Street NW, Washington, DC 20037

9. John Does #1-3 are sued in their capacities as consular official responsible for issuing immigration visas in Cuba, Columbia and Guyana.

## JURISDICTION AND VENUE

10. This case arises under the United States Constitution; the INA, 8 U.S.C. § 1101 *et seq.;* and the APA, 5 U.S.C. § 701 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, and 2201-2201.

11. There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court. Plaintiffs have no adequate remedy at law.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## BACKGROUND

**I.   Statutory and Regulatory Framework**

13. Immigration based on a foreign national's familial relationship with a United States citizen or lawful permanent resident (LPR) is the primary method by which foreign nationals may seek to immigrate to the United States.

14. Under the INA, family-sponsored visas may be issued to spouses of U.S. citizens. 8 U.S.C. § 1153(a)(1)-(4).

15. The family-sponsored immigration process is initiated when a citizen or LPR sponsors a qualifying family member by filing a Petition for Alien Relative (Form I-130) with USCIS. 8 U.S.C. § 1154. USCIS then verifies that the petitioner is a United States citizen or LPR and that a qualifying familial

relationship exists between the petitioner and the beneficiary. 8 C.F.R. § 204.1(A)(1).

16. Filing a Form I-130 establishes a "priority date," which is used to determine when the beneficiary of a petition is permitted to move forward with the visa application process. 8 C.F.R. § 204.1(c). Because the number of individuals seeking to immigrate under the family-sponsored preference system far outpaces the number of visas available in any given year, visas are issued chronologically according to petition priority dates.

17. If an I-130 petition is approved. USCIS forwards the approved petition to the Department of State, National Visa Center (NVC). Once the priority date becomes "current"—indicating that a visa is available based on the beneficiary's preference status—the beneficiary is able to begin the process of formally applying for a visa by submitting a DS-260 Online Immigrant Visa and Alien Registration Application with the NVC.

18. After completing the DS-260 application, filing supporting documentation, completing a medical examination, and paying applicable fees, a beneficiary is interviewed by a consular officer at the beneficiary's applicable U.S. embassy or consulate.

19. During the interview, the applicant executes Form DS-260 by swearing to or affirming its contents and signing it before a consular officer. *See* 22

C.F.R. § 42.67.  The Department of State website instructs that "[a]t the end of your immigrant visa interview at the U.S. Embassy or Consulate, the consular officer will inform you whether your visa application is approved or denied."  The Immigrant Visa Process, U.S. Department of State, Bureau of Consular Affairs, *available at* https://travel.state.gov/content/visa/en/immigrate/immigrant-process/interview/after.html.

20.     Once "a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and its implementing regulations, the consular officer must either issue or refuse the visa under INA 212(a) or INA 221(g) or other applicable law."  22 C.F.R. § 42.81(a).  The Department of State Foreign Affairs Manual (FAM) further explains that "[o]nce an application has been executed, the consular officer must either issue the visa or refuse it.  A consular officer cannot temporarily refuse, suspend, or hold the visa for future action.  If the consular officer refuses the visa, he or she must inform the applicant of the provisions of law on which the refuse is based, and of any statutory provision under which administrative relief is available."  9 FAM § 504.1-3(f).

21.     If the consular officer determines that a visa should be issued, the officer is required to arrange the appropriate visa documentation and sign and seal the immigrant visa, consistent with the requirements set forth in 22 C.F.R. § 42.73.

"The immigrant visa shall then be issued by delivery to the immigrant or the immigrant's authorized agent or representative." *Id.* § 42.73(d).

22. Conversely, if the consular officer determines that the visa should be refused, the officer must have a basis for refusal that is "specifically set out in the law or implementing regulations." 22 C.F.R. § 40.6. The officer also must comply with the refusal procedure outlined in 22 C.F.R. § 42.81(b), which mandates, in relevant part, that the "consular officer shall inform the applicant of the provision of law or implementing regulation on which the refusal is based and of any statutory provision of law or implementing regulation under which administrative relief is available.

23. State Department guidelines provide additional details regarding the manner in which visa applications should be refused, including a requirement that officers notify applicants, orally and in writing, who are refused a visa under INA Sections 212(a) or 221(g). *See* 9 FAM § 504.11-3(A)(1) (setting forth the required contents of 212(a) and 221(g) refusal letters).

## II.     Factual Background

24.     On November 18, 2015 (the Priority Date) Plaintiff PSMR submitted his petition for alien relative (Form I–130) on behalf of his wife, Plaintiff, KGG.

25.     On April 27, 2016 the petition was granted. Plaintiff KGG thereafter submitted all of the required documents, including DS–260, with the NVC. **Her Case number is HAV2016644053.**

26.     On December 14, 2017, KGG was notified that she would be interviewed at the U.S. Embassy in Bogota, Columbia, on January 23, 2018.

27.     KGG completed the required medical examination and appeared for her interview as scheduled at the U.S. Embassy in Columbia.  After the interview in Columbia Plaintiffs were told orally that her petition was granted, but they refused to let Plaintiffs have any documents.  No explanation was given for this refusal.  Subsequent to the completion of her interview, and while awaiting the results of her application, she was informed that the proceedings and further processing of her application, including a subsequent interview, would be performed at the U.S. Embassy in Georgetown, Guyana. She was notified orally to appear at the U.S. Embassy in Georgetown for a subsequent interview, on December 3, 2018.  She once again completed the required medical examination, and she and her family traveled to Guyana, at considerable expense.  KGG presented herself for the examination as scheduled.  Instead of being examined,

however, she was informed that there had been a mix-up and that she was not to be interviewed, after all.  Since that time she has received no word, whatsoever, from any government office or agency regarding her petition, other than saying her petition is in process.

28.     Plaintiffs have made numerous requests to the U.S. Government.  All inquiries received the same response, which is that the matter is in process.

29.      None of the Defendants have clarified whether the Embassy in Georgetown Guyana is waiting for the results of the interview in Columbia, or whether the embassy in Georgetown is going to conduct a second interview or whether KGG's petition is going to be granted or denied and there has been no indication as to when Plaintiff's will receive any information.  They are in a Kafka nightmare.

30.     It has now been well over five (5) years since the filing of the I–130; and over three years since the interview in Columbia; and over two year since KGG appeared for the scheduled interview in Guyana (which did not occur).  These delays alone, are unconscionable.  The uncertainty in the apparent confusion by the embassies is also unconscionable.  Plaintiffs do not know if Guyana is waiting for something from Columbia; if Columbia is waiting for something from Guyana, or if Cuba is waiting for something from both of them. As far as Plaintiffs

know, none of the Defendants are taking any action because they are all waiting for someone else.

### III. Relief Sought – Mandamus and Declaratory Judgment

31. Defendants are responsible for processing and issuing diversity visas, and have a clear and non-discretionary duty to adjudicate applications and issue visas to individuals who are eligible to receive them and who are not inadmissible under 8 U.S.C. 1182(a).

32. Under 22 C.F.R. § 42.81(a), a "consular officer must either issue or refuse the visa…." Moreover, "[e] very refusal must be in conformance with the provisions of 22 C.F.R. 40.6." *Id.*

33. Under 22 C.F.R. § 409.6, a consular official may refuse a visa "only upon a ground specifically set out in the law or implementing regulations."

34. Consular official Defendants have a mandatory duty to adjudicate diversity immigrant visa applications and issue diversity immigrant visas to statutorily eligible individuals, and there is no legal bar to doing so. Accordingly, Plaintiffs have a clear and indisputable right to relief, and the consular official Defendants have a clear and non-discretionary duty to act.

35. No alternative remedy exists to compel action by the Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that this Court:

1. Issue a writ of mandamus to Defendants directing that they adjudicate Plaintiffs' visa application forth with and declare that Plaintiffs are entitled to immediate determinations with no further delay.

2. Award any other relief the Court deems just and proper.

Respectfully submitted,

Edward F. O'Connor
LAW OFFICES EDWARD F. O'CONNOR, LLC
104 Seabreeze Circle, Jupiter, FL 33477
Telephone: 949.291.2894
Email: edoconnor102@gmail.com

*Counsel for Plaintiffs*
Katherine Garcia Gomez
Pedro S. Moreno Rebustillo